# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RALPH T. SHONKWILER and JOYCE SHONKWILER, | : | CIVIL CASE NO.: |
| Plaintiffs, | : : : | JUDGE: |
| v. | : : | MAGISTRATE JUDGE: |
| A.W. CHESTERTON COMPANY, et al., | : : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendant CBS Corporation ("Westinghouse")[1] hereby removes this action from the Court of Common Pleas, Cuyahoga County, to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §1442(a)(1). This civil action is one over which this Court has subject matter jurisdiction by virtue of Plaintiffs' pursuit of claims arising from and relating to Westinghouse's conduct while acting under an officer or agency of the United States as to which Westinghouse can state at least a colorable defense under federal law. The grounds for removal are as follows:

1. On or about July 11, 2016, Plaintiffs filed their Complaint in *RALPH T. SHONKWILER and JOYCE SHONKWILER v. A.W. CHESTERTON COMPANY, et al,* Case No. 866019, in the Court of Common Pleas, Cuyahoga County, Ohio.[2] (Complaint, Exhibit A). Westinghouse was named as a Defendant.

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

[2] An Amended Complaint adding a New Party Defendant Bryant Heating & Cooling Systems, a subsidiary of UTC Climate Controls & Security, a Unit of United Technologies Corporation was filed on October 27, 2016. (Amended Complaint, Exhibit B).

1

2. The Complaint states that Ralph Shonkwiler ("Mr. Shonkwiler") "was exposed to the Defendants' asbestos and asbestos-containing materials" and that "said exposures were substantial factors which directly and proximately caused him to develop mesothelioma." (*Id.*, at ¶6). The Complaint does not, however, provide any details concerning any specific product manufactured or supplied by Westinghouse to which Mr. Shonkwiler was allegedly exposed, nor does it identify any specific sites at which Mr. Shonkwiler allegedly encountered Westinghouse products.

3. Mr. Shonkwiler filed a Preliminary Product Identification Disclosure on October 14, 2016, which indicated that he served aboard the *U.S.S. Ingaham, DD 694,* while in the U.S. Navy from 1966 to 1968. (Preliminary Product Identification Disclosure, Exhibit C). The Preliminary Product Identification Disclosure further indicates that Westinghouse turbines were on the *U.S.S. Ingaham*.

4. Under 28 U.S.C. §1446 (b)(1), "(t)he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

5. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

6.	Westinghouse first ascertained that this case was removable when it received Mr. Shonkwiler's Preliminary Product Identification Disclosure on October 14, 2016, wherein he first revealed his alleged exposure to a Navy turbine manufactured by Westinghouse aboard the *U.S.S. Ingaham*. Therefore, Westinghouse is timely filing this Notice of Removal within thirty (30) days receipt of an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

7.	This case is removable because Westinghouse – in all relevant aspects of its design, manufacture, and supply of any Navy turbine(s) aboard the *U.S.S. Ingaham*, and of any warnings or other written materials to be supplied therewith – was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

8.	More specifically, and as summarized by the Sixth Circuit Court of Appeals in *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010), a 28 U.S.C. §1442(a)(1)-based "federal officer" removal is appropriate whenever the removing defendant: 1) is a "person" "who 'act[ed] under [a federal officer];'" 2) "performed the actions for which it is being sued 'under color of [federal] office;'" and 3) has raised at least a colorable federal defense to one or more of the plaintiff's claims. See also *Mesa v. California*, 489 U.S. 121, 129, 131 (1989); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 729 (N.D. Ohio 2007). Here, all three requirements are satisfied relative to Westinghouse.

9.	As a corporation, Westinghouse is a "person" for purposes of 28 U.S.C. §1442(a). *Bennett*, 607 F.3d at 1085; *Ferguson*, 475 F. Supp. 2d at 729.

10.	As would be shown by Westinghouse's jurisdictional evidence were a motion for remand to be filed in this case, in all aspects of their design, manufacture, and supply of propulsion turbines and/or other items of propulsion equipment to the Navy for use aboard Navy

vessels (including any warnings or other written materials to be furnished therewith), Westinghouse was acting under the detailed direction and control of one or more federal officers. More specifically, such equipment was custom-designed and manufactured based on the Navy's detailed and comprehensive specifications or "MilSpecs," and such specifications also controlled the format and content of all written materials to be furnished therewith. The design and production of such equipment (and of any associated written materials) were carried out under the constant supervision and inspection of Navy officers, including Navy officers stationed for that purpose in Westinghouse's own facility. Such equipment (and all associated written materials) was subject to close inspection and/or testing by Navy officers and any item not in full compliance with the MilSpecs would be rejected. Therefore, Westinghouse was acting under the direction of a federal officer or agency for purposes of 28 U.S.C. §1442(a) in its design, manufacture, and supply of Navy turbines and of any warnings or other writings to be furnished therewith. Compare *Ferguson*, 475 F. Supp. 2d at 729. See also, *e.g.*, *Hurley v. CBS Corp.*, 2016 WL 2609602 at *1 (4th Cir. May 6, 2016); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. Nov. 30, 2012); *Najolia v. Northrop Grumman Ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 990 (C.D. Ill. 2011); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1334-35 (N.D. Ala. 2010); *Machnik v. Buffalo Pumps*, 506 F. Supp. 2d 99, 103 (D. Conn. 2007); *Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 212-13 (S.D.N.Y. 2005); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

11. Where a plaintiff claims injury from contact with an item of asbestos-containing or asbestos-insulated equipment, and a showing is made that the defendant's design and/or

manufacture of that equipment was controlled by the United States government, a causal nexus between the plaintiff's claims and the defendant's conduct under color of its federal office has not simply been established for purposes of 28 U.S.C. §1442(a) – it is "axiomatic." *Madden*, 205 F. Supp. 2d at 701-02. Accordingly, Westinghouse once again meets this test as to any asbestos-related injury claim, whether framed in terms of a design defect claim or in terms of a "failure to warn" claim, involving their Navy turbines. See, *e.g.*, *Hurley*, 2016 WL 2609602 at *1; *Ruppel*, 701 F.3d at 1181; *Ellis*, 798 F. Supp. 2d at 990; *Corley*, 688 F. Supp. 2d at 1334-35; *Machnik*, 506 F. Supp. 2d at 105; *Nesbiet*, 399 F. Supp. 2d at 212-13; *Madden*, 205 F. Supp. 2d at 701-02; *Crocker*, 852 F. Supp. at 1327 (E.D. La. 1994). Indeed, the Second, Seventh, and Ninth Circuits, as well as the asbestos MDL court, have upheld federal officer jurisdiction as a ground for removal of cases by equipment suppliers for U.S. Navy warships. See *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 361 (2014); *Ruppel*, 701 F.3d 1176; *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 774-86 (E.D. Pa. 2010).

12. As to the question of a colorable federal-law based defense, Westinghouse hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) as, even if it could be shown that asbestos associated with one or more of its Navy turbines was a cause of Mr. Shonkwiler's injury: 1) Westinghouse designed, produced, and supplied such turbines (and all written materials to be furnished therewith) in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) the turbines (and all accompanying written materials) conformed with those specifications as evidenced by their acceptance following thorough Navy testing and inspection; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos

exposure. Once again, numerous courts have held that such facts give rise to at least a colorable government contractor defense relative to asbestos-related injury claims involving Westinghouse's Navy turbines. See, *e.g.*, *Hurley*, 2016 WL 2609602 at *1; *Ruppel*, 701 F.3d at 1183-86; *Najolia*, 883 F. Supp. 2d at 657-58; *Corley*, 688 F. Supp. 2d at 1334; *Contois v. Able Indus.*, 523 F. Supp. 2d 155, 160 (D. Conn. 2007); *Crocker*, 852 F. Supp. at 1327 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993).

13. Notably, to meet the requirements for removal under 28 U.S.C. §1442(a)(1), Westinghouse "need not prove the asserted [federal] defense, but need only articulate its 'colorable' applicability to [Plaintiffs'] claims." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 400 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999). See also *Bennett*, 607 F.3d at 1084. As explained in *Willingham v. Morgan*, 395 U.S. 402, 407 (1969), "one of the most important reasons for removal is to have the validity of the defense . . . tried in a federal court. The officer need not win his case before he can have it removed." Thus, any detailed consideration of the substantive merits of Westinghouse's invoked defense would be inappropriate as collateral to the issue of jurisdiction; whether Westinghouse will ultimately prevail on the defense is not the controlling jurisdictional question - the only proper inquiry for purposes of 28 U.S.C. §1442(a)(1) is whether it has asserted a "colorable claim to the defense." See, *e.g.*, *Bennett*, 607 F.3d at 1084; *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 138-39 (2d Cir. 2008) ("[t]o be 'colorable,' the defense need not be 'clearly sustainable, as the purpose of the [federal officer removal] statute is to secure that the validity of the defense will be tried in federal court"); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (the asserted federal defense "need only be plausible; its ultimate validity is not to be determined at the time of removal").

14. It bears stressing relative to the other jurisdictional elements of 28 U.S.C. §1442(a)(1) that, while removals under 28 U.S.C. §1441 are subject to rigorous jurisdictional review with any doubts regarding jurisdiction to be resolved in favor of a remand, an entirely different paradigm applies to "federal officer" removals under 28 U.S.C. §1442(a)(1) whose jurisdictional scope "is much broader." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006). Rather, the jurisdictional parameters of 28 U.S.C. §1442(a)(1) must be afforded a "generous" and "liberal" construction under which this statute's terms are interpreted "broadly in favor of removal." *Durham*, 445 F.3d at 1252-53. See also, *e.g.*, *Ruppel*, 701 F.3d at 1180; *Winters*, 149 F.3d at 398. The Supreme Court has, in fact, repeatedly declared that 28 U.S.C. §1442(a)(1) must be broadly construed, and has rejected the notion that removal under this statute is "'narrow'" or "'limited'" *Willingham*, 395 U.S. at 406.

15. Westinghouse is not required to notify, and/or to obtain the consent of, any other Defendant in this action to remove Plaintiffs' action as a whole under section 1442(a)(1). See, *e.g.*, *Durham*, 445 F.3d at 1253; *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

16. This Court embraces the locality in which Plaintiffs' state court action was initially filed and, thus, is a proper forum for this action pursuant to 28 U.S.C. §1441(a). No previous application has been made for the relief requested herein.

17. The Appendix hereto identifies the pleadings that have been filed in the Court of Common Pleas, Cuyahoga County, Ohio to date, and that is being contemporaneously filed herewith.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio.

19. A filing fee of $400.00 has been tendered to the Clerk of the United States District Court for the Northern District of Ohio.

20. This Notice of Removal is being signed pursuant to Federal Rule of Civil Procedure 11. A copy of the civil cover sheet is attached hereto.

WHEREFORE, Westinghouse respectfully requests that this action be removed to the United States District Court for the Northern District of Ohio.

Respectfully submitted:

/s/ Perry W. Doran, II
Susan B. Harty (0055970)
Perry W. Doran, II (0071757)
Stephen C. Musilli (0071754)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43216-1008
(614) 464-6400
(614) 464-6350 Fax

*Attorneys for Defendant*
*CBS Corporation*

# APPENDIX

Exh. A –   Complaint

Exh. B –   Amended Complaint

Exh. C –   Preliminary Product Identification Disclosure

Exh. D –   Notice of Appearance on behalf of Defendant Zurn Industries, LLC

Exh. E –   Notice of Appearance on behalf of Defendant Clark Industrial Insulation Co.

Exh. F –   Notice of Appearance on behalf of Defendant Akron Gasket & Packing Enterprises, Inc.

Exh. G –   Notice of Appearance on behalf of Defendant Carver Pump Company

Exh. H –   Notice of Appearance on behalf of Defendant Honeywell International Inc., Individually and as Successor-in-Interest to Bendix Corporation and AlliedSignal Inc.

Exh. I –   Notice of Appearance of Genuine Parts Company

Exh. J –   Notice of Appearance on behalf of Defendant JNO J. Disch Co.

Exh. K –   Notice of Appearance on behalf of Defendant Greene Tweed & Company

Exh. L –   Notice of Appearance on behalf of Defendant CBS Corporation

Exh. M –   Notice of Appearance on behalf of Defendant Air & Liquid Systems Corporation, Successor-by-Merger to Buffalo Pumps, Inc.

Exh. N –   Notice of Appearance and Short Form Answer of Defendant Georgia-Pacific LLC, f/k/a/ Georgia-Pacific Corporation

Exh. O –   Notice of Appearance on behalf of Defendant Peerless Industries, Inc.

Exh. P –   Notice of Appearance on behalf of Defendants Union Carbide Corporation and The Goodyear Tire & Rubber Company

Exh. Q –   Notice of Appearance on behalf of Defendant Bryan Steam LLC

Exh. R –   Notice of Appearance on behalf of Defendant UB West Virginia, Inc., f/k/a Union Boiler Company

Exh. S –        Notice of Appearance on behalf of Defendant Crane Co.

Exh. T –        Notice of Appearance on behalf of Defendant Red Seal Electric Company

Exh. U –        Notice of Appearance on behalf of Defendant Warren Pumps, LLC

Exh. V –        Notice of Appearance on behalf of Defendant ITT LLC

Exh. W –        Notice of Appearance on behalf of Defendant AW Chesterton Company

Exh. X –        Notice of Appearance on behalf of Defendant Viking Pump, Inc.

Exh. Y –        Notice of Appearance on behalf of Defendant IMO Industries Inc.

Exh. Z –        Notice of Appearance on behalf of Defendant Ingersoll Rand Company

Exh. AA –       Notice of Appearance on behalf of Defendant Aurora Pump

Exh. BB –       Notice of Appearance on behalf of Defendant Uniroyal Holdings, Inc.

Exh. CC –       Notice of Appearance on behalf of Defendant Schneider Electric USA, Inc. f/k/a Square D Company and Notice of Denial by Defendant Schneider Electric USA, Inc. f/k/a Square D Company of Product Exposure

Exh. DD -       Denial by Schneider Electric USA, Inc. f/k/a Square D Company of Product Exposure

Exh. EE -       Plaintiffs' Designation of Kelley Group 95 Cases

Exh. FF -       Stipulated Case Management Order

Exh. GG -       Granted Stipulated Case Management Order

Exh. HH -       Notice of Deposition of Plaintiff, Ralph Shonkwiler

Exh. II -       Honeywell International Inc.'s Notice of Service of Subpoena

Exh. JJ -       Motion to Amend Complaint to Add New Party Defendant

Exh. KK -       Granted Motion to Amend Complaint to Add New Party Defendant

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Notice of Removal has been served this 11th day of November, 2016 upon all counsel of record.

/s/ Perry W. Doran, II
Perry W. Doran, II
