# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RAPLPH T. SHONKWILER, et al., ) | CASE NO. 1:16-cv-2749 |
| ) | |
| ) | |
| PLAINTIFFS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER OF REMAND |
| A.W. CHESTERTON COMPANY, et al., ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

Before the Court is the motion of plaintiffs to remand this case to the Cuyahoga County Court of Common Pleas. (Doc. No. 104 ["Mot."].) Defendant Warren Pumps LLC ("Warren Pumps") filed a brief in opposition (Doc. No. 134 ["Opp'n"]), and plaintiffs filed a combined motion to dismiss Warren Pumps and reply memorandum in support of remand. (Doc. No. 135 ["Reply"].) The remaining defendants have failed to file a response to the motion, and the time for responding has passed. For the reasons discussed below, the motion to remand is granted.

## I. BACKGROUND

On July 11, 2016, plaintiffs, Ralph and Joyce Shonkwiler, brought suit in state court against various corporations alleged to have "manufactured, sold, distributed, marketed, supplied, advertised, designed, developed, labeled, researched, and/or installed" products containing asbestos. (Doc. No. 134-1 (Amended Complaint ["Compl."]) ¶¶ 2, 4, 16.) Plaintiffs alleged that Ralph Shonkwiler's exposure to these products "directly and proximately caused him to develop mesothelioma." (*Id*. ¶ 6.) On its face, the complaint raised only state law claims

for negligence, strict liability, breach of express warranty, breach of implied warranty, statutory products liability, conspiracy, and loss of consortium. Plaintiffs seek compensatory and punitive damages, costs, expenses, and attorney's fees.

On November 11, 2016, defendant CBS Corporation ("Westinghouse") removed the action to federal court on the basis of federal question jurisdiction, maintaining that this Court had original subject matter jurisdiction because Ralph Shonkwiler's alleged exposure to Westinghouse's product, a Navy turbine, occurred while Mr. Shonkwiler was stationed aboard the U.S.S. Ingram. (Doc. No. 1 (Notice of Removal) ¶ 6.) Accordingly, Westinghouse represented that the action could be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), the federal officer statute, because Westinghouse designed and built the turbine "under the direction of a federal officer or agency[.]". (*Id.* ¶¶ 7-10.) Upon removal, the Court assumed supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). On January 3, 2017, upon plaintiffs' representations that all claims against Westinghouse had been resolved, the Court dismissed Westinghouse from this litigation. (Doc. No. 121; *see* Doc. No. 103.)

Plaintiffs moved to remand the action on the ground that, with the dismissal of Westinghouse, no federal question remained and the Court lacked subject matter jurisdiction. (Mot. at 720.) Warren Pumps opposed the motion to remand, suggesting that, it too, could rely on the federal officer statute (28 U.S.C. § 1442(a)(1)). While underscoring the fact that there were "no allegations, testimony or document" demonstrating a link between Mr. Shonkwiler's illness and any product manufactured by Warren Pumps, it surmised that any exposure Mr. Shonkwiler would have had to one of its products likely "relate[d] to [Mr. Shonkwiler's] claimed exposures during his military service aboard a Navy vessel." (Opp'n at 797.)

2

In its motion to dismiss Warren Pumps, plaintiffs represent that "[a]fter a four day discovery deposition, Mr. Shonkwiler did not identify any product that Warren [Pumps] would be responsible for." (Reply at 3069.) Noting that "[u]nder Ohio law, a plaintiff must be able to identify the asbestos-containing products they were exposed to in order to hold a manufacturer liable[,]" plaintiffs insist that dismissal of Warren Pumps is appropriate. (*Id*., citation omitted.) The Court agrees, and construes plaintiffs' motion to dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure as a motion to dismiss a single party under Rule 21 and grants the same. Anticipating Warren Pump's dismissal from this action, plaintiffs posit that all federal questions will be extinguished because no other defendant has indicated that it intends to rely on 28 U.S.C. § 1442(a)(1). (Reply at 3071.)

## II. LAW AND DISCUSSION

Since the Court has permitted Westinghouse and Warren Pumps to be dismissed from this action, only state law claims remain, and there is no evidence that any other defendant could invoke the federal officer statute. The Court may, in its discretion, either retain jurisdiction over those state law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639-40, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009), or decline jurisdiction and remand the complaint to the state court. *See* 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

"Comity to state courts is considered a substantial interest; therefore, [the] Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have

3

been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [any] concern over needlessly deciding state law issues.'" *Packard v. Farmers Inc. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (further citation omitted)). "[G]enerally '[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'" *Id.* at 585 (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (further citations omitted)).

Here, this matter is in an early pretrial procedural posture. The Court has yet to set any dates and deadlines. Additionally, the Court has not had the opportunity to rule on the substance of any of the state law claims. Under these circumstances, judicial economy and the avoidance of multiplicity of litigation do not counsel in favor of retaining this case. Accordingly, the balance of considerations points toward returning the state law claims raised in the complaint to state court. *See Moon*, 465 F.3d at 728 (where federal claims have been dismissed before trial, a federal court ordinarily should not reach the plaintiffs' state law claims) (citations omitted); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004) (similar) (citations omitted).

In reaching this conclusion, the Court rejects the argument of Warren Pumps—made prior to its dismissal—that plaintiffs may not defeat federal jurisdiction by dismissing certain parties. (Opp'n at 797.) A decision relied upon by Warren Pumps, *St. Paul Mercury Indem. Co. v. Red. Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 2d 845 (1938), actually illuminates the weakness of this argument. There, a plaintiff brought suit in state court demanding damages in

excess of the federal jurisdiction amount for diversity cases. *Id.* at 284-85. After the defendant removed on diversity grounds, plaintiffs attempted to return to state court by amending the complaint demanding less than the jurisdictional amount to defeat jurisdiction. *Id.* at 285. Following a trial and appeal, on certiorari review, the Supreme Court held that plaintiff could not escape the reach of federal jurisdiction by altering the jurisdictional amount. *Id.* at 293.

In so ruling, the Court distinguished cases, such as the present one, where a plaintiff had resolved all claims with parties who could invoke federal subject matter jurisdiction:

> In the case of a separable controversy, if, after removal, the plaintiff discontinues or dismisses as to the defendant who removed, so that there no longer exists any separable controversy, *the cause must be remanded*. If a cause be removed on this ground the whole case, including the controversy between citizens of the same state, is taken over by the federal court only because one or more of the defendants is entitled to invoke its jurisdiction. *The basis of federal jurisdiction failing, it is proper that the remaining parties, who were involuntarily taken into the federal court, should, upon the cessation of the separable controversy which was the cause of their transmission to another tribunal, have their case returned to state court.*

*Id.* at 295 (footnote omitted) (emphasis added). Likewise here, having dismissed the only parties that appear to be able to invoke federal subject matter jurisdiction, remand to state court is warranted.

### III. CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to remand (Doc. No. 104) is granted, and this matter is remanded to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: March 17, 2017

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**